Bigger, J.
This is an action in mandamus brought by the relator to compel the defendant as clerk of this court to receive a petition in an action ■ brought by him against one Rosa Bennett, and to *559 endorse on the same the time of the filing thereof and requiring him to docket the ease, giving it its proper number and entering the ease upon the appearance docket and to issue summons for the' defendant in accordance with the precipe, and to do all ■things required of him by law with reference to said case.
It appears that no summons was issued in -this case for the defendant, which counsel claims is as necessary in the ease of the clerk of the court as in the' ease of any other party defendant to a suit. This question is, however, now out of the case as the defendant has filed his answer, and to the second defense of this answer the plaintiff has filed a general demurrer. Some question is made by the 'defendant’s counsel in his brief as to mode of procedure adopted in this case. While a rule to show cause is the usual mode of procedure, perhaps in mandamus actions, under -the statutes of this state (Section 6743), this ’is not necessary.
The second defense of the answer 'sets up in substance, after admitting that such petition was presented to the clerk, for filing, that the defendant offered to file .the same if certain costs were prepaid, .being the statutory fees fixed for the service made necessary by the filing of the petition and the issuing of the summons; that the plaintiff through his attorneys refused to pay the sum demanded for this service in advance, or any sum whatever, or to make a deposit to secure the same, and that on account of such refusal the defendant refused -to perform the service or to file the case.
This raises .the question for decision of the right of the clerk to require pre-payment of his statutory fees for the service about to be rendered.
Section 1245, Revised Statutes, provides that—
“The clerk shall endorse on every pleading or paper in a cause filed in his office, the time of filing, and enter -all orders, decrees, judgments and proceedings of the courts of which he is by law the clerk, and make a complete record .of every cause, unless such record is by law, or the order of the court dispensed with, ’ ’ etc.
Section 5034, Revised Statutes, provides that a summons shall be issued and signed by the clerk.
*560 These duties .are mandatory and no discretion is reposed in the clerk or any power conferred upon him by this statute to impose any conditions as a prerequisite to the performance of the duties thus imposed. If such power exists it must be found elsewhere than in this- section of the statute. If such power exists it seems to me it must either be found in some statute, 6r in the nature of the relationship between the litigant seeking to avail himself of the machinery of the law for .the protection of his rights, or redress of his wrongs, and the clerk of the court. That the right of the litigant to the services of the clerk of the court does not rest in contract is, it seems to me, too obvious to require argument. The clerk of the court is one of the necessary adjuncts of every court .of record. It is his duty to make and preserve the records of the court and the court speaks only through its record. This duty is one imposed upon him by law and not one which has any contract relationship which he is free to enter into or refuse at his discretion. If this right to the exercise of a discretion in the matter of the performance of his official duty resides in the clerk of the court, then the mouth of the court may be stopped, or its power to speak through its record made conditional upon the ability of the litigant to pay for the official services of the clerk of the court.
The legal relationship existing between the clerk of the court and litigants, as Judge Phillips points out in ,a case decided by him and reported (State v. Coates, 8 N. P., 682),-arises not ex contractu but ex lege. The statute specifies the duties -of the clerk and these duties he is required to perform for all alike, and they d-o not rest in any degree in the discretion of the clerk. It is certainly as much the duty of the clerk to perform a duty which is imposed upon him bjr th-e clear mandate of the statute, as it is -the duty of the court to perform duties which -are imposed upon it by the clear mandate of the statute.
In the case of Heffner v. Scranton, 27 Ohio St., 579, tire Supreme Count of this state decided that—
“An order setting aside a verdict and granting a new trial upon payment of costs, is not an order conditioned upon such payment. The order is absolute, and the stipulation with refer *561 ence to costs may be enforced by execution, or as any other order may be.”
In the opinion by Judge Wright, he says, pages 582, 583:
“Can the court make the payment of costs a condition precedent to setting aside the verdict, when the court has already found, and the record shows the existence of facts, requiring that such verdict should be set aside.
“That class of orders- which may be said to lie purely within the discretion of the court may be coupled with, and made dependent upon, the performance of conditions, as in the familiar instances of granting continuances or the amendment .of pleadings. Here it is undoubtedly the ease that payment of costs may be made a condition precedent. When the court has the power to allow -or to refuse, it may allow upon terms which it sees fit to impose.
“But in these eases, where the duty of the court is definitely pointed out, w-e apprehend that duty must be exactly performed.
“For a court to say that it will discharge such duty only upon terms, assumes the right of refusal to act if such terms are not complied with. This can not be correct action in a case where the law has- pointed out what is the proper and only course to pursue.”
The learned judge then points out the statutory requirement as to the granting of new trials, the requirement being that ‘ ‘the verdict * * * shall be vacated and a new -trial granted upon the .application of party aggrieved * * * for following causes,” and no others, when the verdict is not sustained by sufficient evidence. The finding of the court granting a new trial in that ease was that the verdict was agains-t the evidence in the case. This the court held left the court no discretion to refuse to set aside the verdict, or at least it would have been an abuse of discretion to refuse and that the court had only one thing to do and that was to grant a new trial. In concluding his -opinion the learned judge says, page 584:
“We do not mean to hold that a new trial may not be granted, with a stipulation for payment of .costs. But such stipulation is not in the nature of a condition precedent. Whether costs are paid or not paid, the order stands; the new trial is granted; the remaining portion of the order is to be enforced, as orders *562 or judgments are usually enforced; and an execution for costs may be had, which is the proper remedy. Even if such execution were fruitless, it would be an unwise exercise of justice to deprive a man of his legal right to a new trial, because he was unable to pay for it.”
If the court can not impose payment of costs as a condition for the performance of a duty specifically enjoined upon it by law, may the clerk impose the same condition as a prerequisite to the performance of a duty specifically enjoined upon him by law? If he may require pre-payment of costs for services about to be rendered, then, upon the granting of a new trial and the inability of the party to make payment, he may stop the mouth of 'the court and prevent it from speaking by declining to record the order and judgment of the court.
If a party may not be refused a new trial because costs are not prepaid, upon what principle may he be refused the right to a trial in the first place except upon condition that costs shall be prepaid?
The Circuit Court of Hamilton County in the case of State v. Bates, 5 C. C., 18, decided that the pre-payment of costs can not be imposed .as a condition precedent to the .entry of a divorce decree. Furthermore I find no statutory provision authorizing the clerk to require pre-payment of costs. On the contrary, all the provisions of the statute^ seem to contemplate that costs can only be collected after the services have been rendered. It is not conceivable that in so important a matter as this the right of the clerk to require pre-payment of costs would have been left to inference.
The language of Section 1260, Revised Statutes, which is the general statute fixing fees for the clerk, seems to me to be capable of but one construction. It reads:
“The clerk in counties which, by the last preceding federal census, had a population less than twenty-two thousand five hundred, shall, for services hereinafter specified, when rendered, receive the fees herein provided, and-no more.”
The language “when rendered” it seems to me can not be-construed to mean before rendered. It certainly means that *563 after the services have been rendered he shall receive the fees therein provided. The clerk is given the right to an execution for the collection of his costs and this is the only means provided by law for the collection .of his costs. It is true this may result in loss-to the clerk. But where the duty is .imposed upon a public officer by law, and no compensation is provided whatever, he is required to perform such services gratuitously. This may seem like a harsh rule, but it is the law; and it is the duty of the court to declare the law as he finds it. If the law does not make proper provisions for the clerks of the courts then the Legislature must be appealed to, and not the courts.
Schriver & Bates, for the relator.
Sater & Sater, for defendant.
My conclusion, after a careful examination óf the question here presented, is that the clerk in the .absence of statutory provision authorizing him' -to collect his fees in advance has no such right, .arid that he can not refuse to receive and file a petition presented to him because of the failure or refusal of the party to prepay the costs.
The demurrer to the'second defense of the answer is therefore sustained.